UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hana Kahan, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br><br>-v.-<br>Alltran Financial, LP,<br>CACH, LLC,<br><br><br><br><br>Defendant(s). | C.A. No: 7:22-cv-1986<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Hana Kahan (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Alltran Financial, LP (hereinafter "Defendant Alltran") and Defendant CACH, LLC (hereinafter "Defendant CACH") (collectively hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Alltran is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5800 North Course Drive, Houston, Texas 77042 and is registered to accept service at c/o C T Corporation System, 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant Alltran is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant CACH is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601 and is registered to accept service of process through its registered agent c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

11. Upon information and belief, Defendant CACH is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of New York;
    b. to whom Defendant Alltran sent a collection letter attempting to collect a consumer debt;
    c. on behalf of Defendant CACH;

    d. whereby the statute of limitations to bring a lawsuit for the debt had passed;

    e. but which letter failed to advise Plaintiff of the same;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and/or 1692f.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ l692e and/or 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to January 26, 2022, an obligation was allegedly incurred to the creditor, Bank of America, N.A.

23. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

24. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Upon information and belief, Defendant CACH purchased the allegedly defaulted debt from the original creditor. Therefore, Defendant CACH is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. Upon information and belief, Defendant CACH contracted with Defendant Alltran for the purpose of debt collection. Therefore, Defendant Alltran is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

28. Defendants use the instrumentalities of interstate commerce or the mails in their businesses, the principal purpose of which is the collection of debts. Defendants also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to them or another. Therefore, Defendants are a "debt collectors" as defined by 15 U.S.C.§ 1692a(6).

<em>Violation – January 26, 2022 Collection Letter</em>

29. On or about January 26, 2022, on behalf of Defendant CACH, Defendant Alltran sent the Plaintiff a collection letter via email (the "Letter") regarding the debt originally owed to Bank of America, N.A. (See "Letter" at Exhibit A.)

30. The Letter lists the Balance as $7,223.67.

31. In the body of the Letter, Defendant Alltran alleges that there was a total debt of $3,186.16 at the time of charge off, with an additional $3,359.20 allegedly added to the total debt in the form of interest since the time of charge-off, as well as an additional $678.31 being added to the debt in the form of alleged non interest fees post charge-off. The letter continues and notes a last payment date of May 30, 2009.

32. Upon information and belief, Plaintiff's final payment on this account was made on or about May 30, 2009.

33. Therefore, as of the date of the Letter, the statute of limitations to bring a lawsuit had already run.

34. However, Defendants deceptively failed to inform the Plaintiff consumer that the subject debt was no longer subject to a lawsuit.

35. Furthermore, the Letter failed to inform the consumer that a payment would re-start the statute of limitations for a lawsuit to occur.

36. Alternativity, the Letter does not indicate that a judgment has been obtained nor provide any information regarding the same.

37. The letter implies that the account is subject to the standard means of collection, including the filing of a lawsuit.  However, the statute of limitations has already passed and a lawsuit is no longer viable.

38. Defendants further failed to properly advise Plaintiff of any judgment that may have already been obtained against her.

39. The Plaintiff was left confused as to the status of the subject debt.

40. These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

41. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

42. Defendants' deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated

Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

43. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

44. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to his detriment.

45. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

46. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendants violated §1692e:

　　a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

　　b. By making a false and misleading representation/omissions in violation of §1692e(10).

51. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e et seq.**

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

55. Defendants violated this section by unfairly misrepresenting that the debt was still subject to normal debt collection practices, despite the fact that the statute of limitations had already expired.

56. Defendants further violated this section by unfairly not advising Plaintiff of any judgment that had been obtained against her related to the allegedly defaulted debt.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Hana Kahan, individually and on behalf of all others similarly situated demands judgment from Defendant Alltran and Defendant CACH as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  March 9, 2022                            Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Christofer Merritt
Christofer Merritt, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: (201) 282-6500
Fax: (201) 282-6501
cmerritt@steinsakslegal.com
*Attorneys for Plaintiff*